**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| DOROTHY BINNS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:07-CV-0070-RWS |
| v. | : | |
| | : | |
| THE CITY OF MARIETTA HOUSING AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This case comes before the Court for consideration of the following: (i) Defendant's Motion to Dismiss [12]; (ii) Plaintiff's Motion to Amend Complaint [19]; (iii) Plaintiff's Motion for Summary Judgment [22]; (iv) Plaintiff's Motion to Amend Summons Issued [23]; (v) Plaintiff's Motion for Injunctive Order [24]; (vi) Plaintiff's Motion for Default Judgment [31]; and (vii) Plaintiff's Motion to Note the Defendant in Default [32]. After reviewing the entire record, the Court enters the following Order.

## Background

Plaintiff, proceeding *pro se*, brought this action on December 20, 2006, alleging that Defendant unlawfully denied her consideration for participation in its local affordable housing program enacted pursuant to Section 8 of the United States Housing Act of 1937. See 42 U.S.C. § 1437f. Plaintiff brings claims for (1) unlawful discrimination on the basis of disability in violation of 42 U.S.C. 3604(f); (2) unlawful retaliation for filing a prior challenge to a housing authority's denial of her application for rental assistance; and (3) denial of due process.[1] (See Compl. [2] at 1.)

In an Order dated April 17, 2007, this Court conducted a frivolity review and granted Plaintiff leave to proceed *in forma pauperis*. (See Order Apr. 17, 2007 [7] at 4.) It directed Plaintiff to complete a USM 285 form, summons, and initial disclosure form. The Court also directed the Clerk to prepare the service

---

[1] In her Complaint, Plaintiff also purports to bring claims under 42 U.S.C. § 3604(b) (prohibiting discrimination in housing on the basis of race, color, religion, sex, familial status, or national origin), and 42 U.S.C. § 2000d (prohibiting exclusion from participation in any program receiving federal funding on the basis of race, color, or national origin). Nevertheless, because Plaintiff does not appear to allege that she was discriminated against on the basis of any characteristic other than her alleged disability, the Court does not construe her Complaint to include additional theories of discrimination.

papers to be provided to Defendant and directed the U.S. Marshal's Service to personally serve Defendant.  (See id. at 3.)

On June 21, 2007, a deputy United States Marshal personally served process on Julie Craig, an Intake Clerk at the office of the City of Marietta Housing Authority.  The Deputy United States Marshal executed a return of service, which was docketed the next day.[2]  (See Return of Service [10].)

In lieu of filing an answer, Defendant moved to dismiss this action on July 13, 2007, contending that service executed by the U.S. Marshal was insufficient and Plaintiff does not have standing to pursue this action.  (Def.'s Mot. to Dismiss [12].)  In response, Plaintiff has moved to amend her Complaint and amend her summons.  (Pl.'s Mot. to Am. Compl. [19]; Pl.'s Mot. to Am. Summons [23].)  Plaintiff also moves for summary judgment, injunctive relief, and default judgment, contending that Defendant failed to serve a copy of its Motion to Dismiss on Plaintiff.  (Pl.'s Mot. for Summ. J. [22]; Pl.'s Mot. for

---

[2] It also appears that, prior to the Deputy Marshal executing personal service, the Clerk mailed a Request for Waiver of Service [8] to Defendant, allowing Defendant until May 31, 2007, to return an executed waiver of service.  Defendant refused to waive service, perhaps because "the waiver of service procedure set forth in Rule 4(d) does not apply to local governments," and thus personal service was necessary.  Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007).

Inj. Order [24]; Pl.'s Mot. for Default J. [31]; Pl.'s Req. to Note Def. in Default [32].)  The Court will address each of these motions in turn.

## Discussion

I.    **Defendant's Motion to Dismiss**

   A.    **Service of Process**

Defendant moves to dismiss this action, contending that the service executed on June 21, 2007, by the United States Marshal pursuant to this Court's Order was insufficient because service was not made upon a proper agent of the City, no USM 285 form was included, the summons was not signed or dated by the Clerk, and "there was no indication on the summons of the number of days within which Defendant must answer the complaint. . . ." (Def.'s Mot. to Dismiss [12-2] at 3.)  Defendant has not filed an affidavit attesting to these facts, and has not otherwise entered into the record any evidence concerning the documents served by the United States Marshal on June 21, 2007.

Rule 4(m) requires a plaintiff to properly serve a local governmental defendant within 120 days of the filing the complaint.  Fed. R. Civ. P. 4(m). Under Rule 4(c)(2), however, the court is required to direct a United States

4

Marshal to effect service on the defendant where a plaintiff has been authorized to proceed *in forma pauperis*.  Fed. R. Civ. P. 4(c)(2).

A return of service executed by a court-appointed officer is *prima facie* evidence of proper service that may only be overcome by strong and convincing evidence.  Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) (citing Webb v. Tatum, 413 S.E.2d 263 (Ga. Ct. App. 1991)); Cleaves v. Funk, 76 F.2d 828 (10th Cir. 1935); Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955) ( "[T]he officer's return upon the summons imports verity which can be overcome only by strong and convincing evidence.").  The party challenging service bears the burden of showing by such evidence that it was improper.  Ritts, 989 F. Supp. at 1478 (citing Yelle v. U.S. Suburban Press, Inc., 453 S.E.2d 108 (Ga. Ct. App. 1995)).

A defendant may object to service by filing a motion to dismiss pursuant to Rule 12(b)(4) (challenging sufficiency of process) or Rule 12(b)(5) (challenging sufficiency of service).  An objection to service of process "must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized."  Photolab Corp. v. Simplex Specialty Co., 806 F.2d 807, 810 (8th Cir. 1986) (citing Travelers Ins. Co. v.

5

Panama-Williams, Inc., 424 F. Supp. 1156, 1157 (N.D. Okla. 1976)); see also King v. Best Western Country, 138 F.R.D. 39, 43 (S.D.N.Y.1991); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (1990). If a party fails to raise a sufficiently clear and specific objection in its initial responsive pleading, however, the objection is deemed waived pursuant to Rule 12(h)(1). Fed. R. Civ. P. 12(h)(1); Hickson v. Home Federal of Atlanta, 805 F. Supp. 1567, 1571 (N.D. Ga. 1992). That is, if the court is "unable to determine from looking at the summons and the marshal's return of service [or other supporting evidence] that the defendant was not properly served," the defendant has not sufficiently raised a challenge to service of process and any such challenge is waived. Id. (citing Panama-Williams, 424 F. Supp. at 1157).

In Hickson, a case decided in this district, the court concluded that the defendant had waived its objection to service of process because "neither the summons nor the return of service were entered into the record, so the Court [was] unable to make an independent determination of whether [the defendant] was properly served." Id. Other courts have similarly found waiver where the defendant failed to include an affidavit or other evidence in support of its claim of insufficient service. See, e.g., Griffin–Nolan v. Providence Washington Ins.

6

Co., No. 504-CV-1453-JFS-GJD, 2005 WL 1460424, at *3 (N.D.N.Y. Jun. 20, 2005) (finding that "common sense dictate[s] that a motion to dismiss for a failure to serve summonses requires a supporting affidavit," and denying Rule 12(b)(5) motion to dismiss for failure to include such affidavit); Dixie Restaurants, Inc. v. Philips Consumer Elecs. Co., No. 02-2461-D/A, 2005 WL 948802, at *2 (W.D. Tenn. Feb. 18, 2005) (denying Rule 12(b)(5) motion where defendant did not offer any evidence or information to explain its contention that service never occurred); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (1990) (gathering other cases).

In the instant case, the United States Marshal served process and executed a return of service. (See Return of Service [10].) The return of service is *prima facie* evidence that service was proper. Although Defendant objects to the sufficiency of service, Defendant has failed to enter *any* evidence in the record in support of its contentions. Neither a supporting affidavit nor the package served to Defendant by the Marshal accompanies Defendant's bald assertions in its brief that service was improper. Accordingly, the court has no basis upon which to consider the merits of Defendant's objection. In view of this failing, the Court finds that Defendant has waived its objection to service.

See Fed. R. Civ. P. 12(h)(1); Hickson, 805 F. Supp. at 1571.  Insofar as Defendant seeks dismissal on this ground, Defendant's Motion to Dismiss is **DENIED**.[3]

### B. Standing

In Defendant's second ground for dismissal, Defendant contends that Plaintiff does not have standing to pursue the instant action because she alleges no injury fairly traceable to Defendant.  In support, Defendant argues that it properly denied Plaintiff an opportunity to apply for Section 8 housing because

---

[3] The Court notes that Plaintiff sought to cure the alleged deficiencies in service by causing Defendant's attorneys in this action to be served with process on August 6, 2007. The private process server hired by Plaintiff, an officer employed by U.S. Security & Associates, executed a Return of Service on that date, which has been entered into the record.  (See Return of Service [20].)   Defendant's counsel concedes that Ms. Spencer personally served on him an envelope containing an Amended Complaint and "a host of other documents," but nevertheless contends that Ms. Spencer was not a proper process server because she stated that she was a "co-worker" of Plaintiff who was "just trying to help her out."  (See Def.'s Reply [25] at 2; White Aff. ¶ 5.)

Defendant cites no authority in support of its contention that a party's co-employee may not serve process under Rule 4(c)(2), which provides that "[s]ervice may be effected by *any person* who is not a party and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2) (emphasis added).  In view of this failing, Defendant has not sufficiently raised a challenge to the sufficiency of service effectuated by Plaintiff's process server. See Croy v. Skinner, 410 F. Supp. 117, 131 (N.D. Ga. 1976) (noting, in addressing defendant's challenge to whether party served was agent of defendant, that "defendants have overlooked their own obligation of thoroughly supporting their legal contentions by citations to relevant authority").  Accordingly, the Court additionally finds that Defendant has waived any challenge to Plaintiff's service on Defendant's attorney's in this action.

8

a family member was terminated from participation in another city's housing program. Because the Court finds that Plaintiff does have constitutional standing to pursue her three claims in this action, the Court disagrees.

To have standing under Article III, a plaintiff must show (1) that she personally has suffered an actual or prospective injury as a result of the allegedly illegal conduct; (2) that the injury can be fairly traced to the challenged conduct; and (3) that the injury is likely to be redressed through court action. Valley Forge Christian Coll. v. Ams. United for Sep. of Church & State, Inc., 454 U.S. 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982).

Here, Plaintiff alleges that Defendant denied her an opportunity to apply for assistance in Defendant's affordable housing program on the basis of disability. Under 42 U.S.C. § 3604(f), a housing authority may not discriminate on the basis of disability in determining whether an applicant is eligible to participate in a housing assistance program. The Fair Housing Act specifically authorizes a private cause of action to remedy a violation of Section 3604(f): "An aggrieved person may commence a civil action in an appropriate United States district court . . . to obtain appropriate relief with respect to such discriminatory housing practice or breach." 42 U.S.C. § 3613(a)(1)(A).

Because Plaintiff has alleged that she was denied an opportunity to apply for housing (injury-in-fact) by Defendant's discriminatory act (traceable to Defendant), and seeks an injunctive remedy (which is likely to redress her injury), Plaintiff has standing to bring her first claim in this action.

Plaintiff also alleges that Defendant's denial of the opportunity to apply for housing assistance was motivated by retaliation for Plaintiff's earlier challenge to the denial of her admission in another city's housing assistance program. Both the First Amendment and the Fair Housing Act forbid a municipality from denying a statutory benefit on the basis of an exercise of protected rights. U.S. Const. am. I; see also 42 U.S.C. § 3617 ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [the Fair Housing Act]."). A plaintiff may aggrieve a retaliatory denial of an application for housing assistance. See, e.g., 42 U.S.C. § 1983; Caractor v. Town of Hempstead, 159 F.3d 1345, 1998 WL 536385, at *2 (2d Cir. 1998) (unpublished). Thus, Plaintiff has Article III standing to pursue her claim of retaliation in this case.

AO 72A
(Rev.8/82)

Finally, Plaintiff alleges that Defendant's denial of her housing application, failure to provide her notice in writing of the reasons for its denial, and failure to allow her an opportunity to appeal the denial before a neutral decisionmaker constitutes an unconstitutional deprivation of due process. It is well established that a Section 8 housing applicant has a procedural due process right to receive written notice and an opportunity to respond upon the denial of a housing application. See Billington v. Underwood, 613 F.2d 91 (5th Cir. 1980). At the very least, Plaintiff has standing to aggrieve the denial or sufficiency of the process provided to her upon the denial of her Section 8 application. Id.

In sum, the Court concludes that Plaintiff has standing to pursue the instant action. Insofar as Defendant seeks dismissal on that basis, its Motion to Dismiss is **DENIED**.[4]

---

[4] In its Motion to Dismiss, Defendant also appears to interpose the argument that, at least as to certain of Plaintiff's claims, Plaintiff does not state a claim upon which relief can be granted. For example, Defendant contends in conclusory terms that its decision to deny Plaintiff an opportunity to apply for housing assistance was properly based on an application of 24 C.F.R § 982.552, which purports to authorize a housing authority to deny an applicant admission to its housing program "[i]f a [housing authority] has ever terminated assistance under the program for any member of the family." 24 C.F.R. § 982.552(c)(iii). Defendant's limited and citation-free discussion provides the Court no basis upon which to consider the proper scope of 24 C.F.R. § 982.552(c)(iii), and its constitutionality as applied to Plaintiff. As such, the Court finds that Defendant has not

### C. Pleading Requirements

Defendant also moves to dismiss Plaintiff's Complaint on the ground that it does not comport with the pleading requirements of Rule 8 and 10 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8(e); Fed. R. Civ. P. 10(b).  As provided below, the Court will allow Plaintiff an opportunity to amend her Complaint.  As such, insofar as Defendant seeks dismissal on this basis, its Motion to Dismiss is **DENIED as moot**.

## II. Plaintiff's Motion to Amend Summons

In view of the Court's conclusion above that Defendant has waived any objection to service of process, it is unnecessary that the Plaintiff amend the summons issued by this Court.  Accordingly, Plaintiff's Motion to Amend Summons is **DENIED as moot**.

## III. Plaintiff's Motion to Amend

Plaintiff seeks leave to amend her Complaint.  Under Rule 15(a), "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The

---

sufficiently raised its challenge to the substantive merits of Plaintiff's claims, and declines to consider that challenge at this stage in the litigation.  The Court cautions defense counsel, in future filings, to meet their "obligation of thoroughly supporting their legal contentions by citations to relevant authority."  Croy, 410 F. Supp. at 131.

Court finds that the ends of justice are served by allowing Plaintiff an opportunity to amend her Complaint. Accordingly, Plaintiff's Motion to Amend is **GRANTED**. Plaintiff is **ORDERED** to file her amended Complaint within twenty (20) days of the entry of this Order.[5]

### IV. Plaintiff's Motion for Default Judgment; Motion for Summary Judgment; Motion for Injunctive Relief

Plaintiff also contends that Defendant failed to serve her with copies of Defendant's Motion to Dismiss, assuming ill intent on the part of defense counsel. Plaintiff has filed four motions related to this assertion, seeking an injunctive order compelling Defendant to serve Plaintiff with all filings in this

---

[5] Plaintiff's Complaint, in its current form, does not comport with the requirements of the Federal Rules of Civil Procedure because it fails to concisely organize its factual allegations and legal assertions by numbered paragraph. In filing her Amended Complaint, Plaintiff is admonished to comply with the requirements of Rule 10(b). That rule provides as follows:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b).

13

case and seeking default judgment and/or judgment as a matter of law. Although the Court admonishes both parties to strictly comply with the Federal Rules and Local Rules of this Court, the Court declines to award the relief requested.

The Certificate of Service accompanying Defendant's Motion to Dismiss [12] indicates that Defendant properly served Plaintiff a copy of its Motion to Dismiss by first-class mail.  Moreover, defense counsel has entered sworn testimony into the record attesting to the fact that he personally sent Plaintiff a copy of Defendant's Motion to Dismiss.  (See White Aff. [26] ¶ 3.)  In light of this evidence, the Court declines to enter judgment in favor of Plaintiff on the basis that defense counsel did not properly serve Plaintiff as required by rule. And because the Federal Rules of Civil Procedure already mandate that a party serve a copy of all pleadings on the opposing party, the Court declines to award Plaintiff the injunctive relief requested.   Accordingly, Plaintiff's Motion for Injunctive Relief, Motion for Default Judgment, Motion for Notice of Default, and Motion for Summary Judgment are **DENIED**.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [12] is **DENIED**. Plaintiff's Motion to Amend Complaint [19] is **GRANTED**. Plaintiff is **ORDERED** to file her Amended Complaint, which shall comply with the Federal Rules of Civil Procedure, within twenty (20) days of the entry of this Order. Defendant is **ORDERED** to file its Answer to Plaintiff's Amended Complaint within 10 days of the filing of Plaintiff's Amended Complaint.

Plaintiff's Motion for Summary Judgment [22] is **DENIED**. Plaintiff's Motion to Amend Summons Issued [23] is **DENIED as moot**. Plaintiff's Motion for Injunctive Order [24] is **DENIED**. Plaintiff's Motion for Default Judgment [31] is **DENIED**. Plaintiff's Motion to Note the Defendant in Default [32] is **DENIED**.

**SO ORDERED** this __18th__ day of September, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE