# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DOROTHY BINNS,

    Plaintiff,

v.

THE CITY OF MARIETTA
HOUSING AUTHORITY,

    Defendant.

CIVIL ACTION NO.
1:07-CV-0070-RWS

## **ORDER**

This case comes before the Court for consideration of thirteen motions filed by Plaintiff in this action, most of which are unopposed. After reviewing the entire record, the Court enters the following Order.

Plaintiffs' thirteen motions seek, in essence, five forms of relief. First, Plaintiff seeks clarification that she is entitled to a jury trial in this action. (See Motion for Trial by Jury [68].) Second, Plaintiff seeks permission and funding to depose two apparently willing and non-adverse out-of-state witnesses to support her contentions in this action. (See Motions at Doc. No. 70, 71, 80, 81,

and 82.)  Third, Plaintiff requests an order compelling Defendant to more definitely state its answers to certain interrogatories and to produce a file concerning Plaintiff's son. (See Motion to Compel [85].)  Fourth, Plaintiff requests a retroactive time extension to file the above motions. (See Motions at Doc. No. 74, 75, 77, 78, and 79.)  And finally, Plaintiff seeks to amend one of her Motions to correctly attach a Certificate of Service. (See Plaintiff's Motion to File a Delinquent Certificate of Service [89].)  The Court addresses Plaintiff's requests in turn.

## I. Motion for Jury Trial, Motions for Extension of Time, and Motion to File a Corrected Certificate of Service.

Insofar as the evidence in the record reveals a genuine dispute of material fact and no party is awarded summary judgment, Plaintiff is entitled to a jury trial in this action.  Therefore, to the extent that Plaintiff seeks clarification that she has a constitutional right to a jury trial in this action, Plaintiff's unopposed Motion for Trial by Jury [68] is **GRANTED**.

The Court also finds that Plaintiff has demonstrated good cause for seeking an extension of time to file after the discovery period closed the motions addressed below.  Accordingly, Plaintiff's Motions for Extension of

2

Time [74, 75, 77, 78, 79] are **GRANTED nunc pro tunc**. The Court deems as timely Plaintiff's motions relating to her request for leave to depose two out-of-state witnesses and her motion to compel. However, the discovery period in this case has now closed, and any request for further discovery must be made by motion with good cause shown.

Finally, Plaintiff's Motion to File a Delinquent Certificate of Service [89] is **GRANTED**.

## II. Plaintiff's Request for Leave to Depose Venus Binns and Tim Hufman

Plaintiff seeks permission and funding to depose two out-of-state witnesses to support her contentions in this action. (See Motions at Doc. No. 70, 71, 80, 81, and 82.) The first witness, attorney Tim Hufman, represented Plaintiff's son in an action against the Chicago Housing Authority and appears to be non-adverse. The second witness, Venus Binns, is Plaintiff's niece and resided with Plaintiff during the period relevant to this action. Plaintiff contends that both witnesses can offer relevant testimony in support of her claims in this action.

Although the Court deems Plaintiff's request timely filed, it declines to

3

award the relief requested.  As an initial matter, this Court is without the authority to subpoena or enter a commission to require a witness located in Chicago, Illinois, to participate in a deposition in this district.  See Fed. R. Civ. P. 45(b)(2) (requiring that a subpoena can only be served outside of court district if deposition is to take place within 100 miles of the place specified for the deposition).  Moreover, because both witnesses Plaintiff seeks to depose appear to be willing and non-adverse witnesses, Plaintiff will likely be able to acquire sworn affidavits from both witnesses in support of her claims in this case if necessary.  The extraordinary remedy of ordering court funding is not presently available because Plaintiff has not demonstrated a necessity for these depositions.  Should Plaintiff try and fail to obtain affidavits from both witnesses and demonstrate a need for both witnesses to provide testimony prior to trial, the Court might reconsider Plaintiff's request.  On the current record, however, Plaintiff's Motions at Docket Nos. 70, 71, 80, 81, and 82 are **DENIED**.

### III.  Plaintiff's Motion to Compel

Finally, Plaintiff requests an order compelling Defendant to more definitely state its answers to certain interrogatories and to produce a file

4

concerning Plaintiff's son.  (See Motion to Compel [85].)  The Court has reviewed the interrogatories and requests for production at issue.  It appears that Plaintiff's principal concern is with the merits of Defendant's position that it did not deny or terminate Plaintiff's application for a housing voucher but rather "ported" it from the Chicago Housing Authority.  Plaintiff disagrees that such an action complies with federal regulations and comports with the dictates of due process.   Plaintiff also contends that various other answers to her interrogatories are insufficient or vague, and requests that Defendant disclose any and all additional files concerning her son.  Defendant responds that it has provided Plaintiff with all information in its possession in response to her interrogatories.  It also contends that it has disclosed all files in its possession relating to Plaintiff's son.

After complete review, the Court declines to order the relief requested.  Although Plaintiff is correct that Defendant is under a continuing obligation to supplement her interrogatories and requests for production with any responsive information that it has discovered, Defendant asserts that such information has been fully disclosed, and Plaintiff has not made a showing that Defendant is in possession of information which has not been disclosed.  Moreover, the Court

5

finds that Defendant's interrogatory responses are sufficient. Plaintiff's challenge is directed at the merits as opposed to the sufficiency of Defendant's responses. Plaintiff will have ample opportunity to challenge the merits of Defendant's conduct in this litigation; a motion to compel is not the proper forum for doing so. For these reasons, Plaintiff's Motion to Compel is **DENIED** [85].

### IV. Appointment of Counsel

Having reviewed the filings in this matter, the Court finds that the interests of justice warrant reconsideration of Plaintiff's Motion to Appoint Counsel [3]. Accordingly, the Court hereby **APPOINTS** Clinton Fletcher, Esq., Nelson Mullins Riley & Scarborough LLP, 201 17th Street NW, Suite 1700 Atlanta, GA 30363, to assist Plaintiff in this action. Plaintiff's counsel is directed to confer with opposing counsel and contact the Court within thirty (30) days to schedule a pretrial conference.

### Conclusion

For the foregoing reasons, to the extent that Plaintiff seeks clarification that she has a constitutional right to a jury trial, Plaintiff's Motion for Trial by Jury [68] is **GRANTED**. Plaintiff's Motion for a Waiver, Substitution and/or

6

State Payment of Extra Fees and Costs [70] is **DENIED**. Plaintiffs' Motion to Substitute the Method of Deposition [71] is **DENIED**. Plaintiff's Motions for Extension of Time [74, 75, 77, 78, 79] are **GRANTED nunc pro tunc**. Plaintiff's Motion for Leave to Depose Two Out-of-State Witnesses [80] is **DENIED**. Plaintiff's Motion for Entry of Commission to Depose Out of State Witness [81] is **DENIED**. Plaintiff's Motion for Entry of Commission to Depose Out of State Witness [82] is **DENIED**. Plaintiff's Motion for Order [85] is **DENIED**. Plaintiff's Motion to File a Delinquent Certificate of Service [89] is **GRANTED**. The Court hereby **APPOINTS** Clinton Fletcher, Esq., Nelson Mullins Riley & Scarborough LLP, 201 17th Street NW, Suite 1700 Atlanta, GA 30363, to assist Plaintiff in this action. Plaintiff's counsel is directed to confer with opposing counsel and contact the Court within thirty (30) days to schedule a pretrial conference.

    **SO ORDERED** this  19th  day of August, 2008.

                                         _/s/ Richard W. Story_
                                        RICHARD W. STORY
                                        UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)